**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| SCHELLY R. BURKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. CIV-05-0865-HE |
| | ) | |
| INTERNATIONAL BROTHERHOOD | ) | |
| OF TEAMSTERS, LOCAL #866, et al., | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ROADWAY EXPRESS, INC., | ) | |
| | ) | |
| Third-party Defendant. | ) | |

**ORDER**

This matter is before the court on the motion of third-party defendant Roadway

Express, Inc. ["Roadway"] to dismiss the third-party complaint filed by defendant/third-party

plaintiff International Brotherhood of Teamsters, Local #866 ["Union"] for failure to state

a claim pursuant to Fed. R. Civ. P. 12(b)(6).  [Doc. #46].  Union has responded in opposition

to the motion.  Upon review, the court determines Roadway's motion to dismiss should be

granted.

Plaintiff alleges in her complaint that the Union discriminated and retaliated against

her when she complained of sexual harassment by a fellow employee and Union member.

She brings claims against the Union for gender discrimination and retaliation under Title VII

of the Civil Rights Act of 1964 ("Title VII") and breach of the duty of fair representation

under the Labor Relations Act of 1947, 29 U.S.C. § 158 et seq.  She also brings a claim for

assault and battery against the person who allegedly harassed her, defendant Robert Granstrom. She did not sue her employer, Roadway. Union's attempt to join Roadway as a necessary and indispensable party was denied by the court. [Doc. #29]. However, Union was granted leave to amend its answer to implead Roadway as a third-party defendant. Id.

In the third-party complaint, Union, while denying its liability to plaintiff, seeks contribution or indemnity from Roadway based on its assertion that "Roadway contributed to and caused any and all damages for which the Union may be found liable" to plaintiff. Roadway seeks dismissal of the third-party complaint asserting its lacks any factual or legal basis. In response, Union argues that its allegations are sufficient under Fed. R. Civ. P. 8(a)(2) to survive a motion to dismiss.

In order to state a claim under Rule 8(a)(2), "the plaintiff must offer a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." United Steelworkers of Am. v. Or. Steel Mills, Inc., 322 F.3d 1222, 1228 (10th Cir. 2003) (internal quotations omitted). Under Rule 12(b)(6), a court may dismiss a complaint for failure to state a claim only if it concludes that "'the plaintiff can prove no set of facts in support of his claim to entitle him to relief.'" Ramirez v. Okla. Dep't of Mental Health, 41 F.3d 584, 586 (10th Cir. 1994) (quoting Morgan v. City of Rawlins, 792 F.2d 975, 978 (10th Cir. 1986)). The well-pleaded allegations of the complaint are accepted as true and construed in the light most favorable to the plaintiff. Ramirez, 41 F.3d at 586.

Upon review of the third-party complaint, the court concludes dismissal is warranted

as the Union has provided no grounds, either factually or legally, for holding Roadway

responsible for the Union's alleged improper actions in this matter.  Union has alleged no

contractual basis for holding Roadway liable and the federal law applicable to this matter

provides no right to contribution or indemnity on the part of the Union.  See, e.g., Northwest

Airlines, Inc. v. Transport Workers Union of Am., 451 U.S. 77,  94-98 (1981) (no implied

statutory or common law right of contribution under Title VII); Anderson v. Local Union No.

3, Int'l Brotherhood of Elec. Workers, 751 F.2d 546, 548 (2d Cir. 1984) (extending rationale

of Northwest Airlines to indemnification under Title VII); Aguinaga v. United Food and

Commercial Workers Intern. Union, 993 F.2d 1463, 1474 (10th Cir.1993) (generally no joint

and several liability for breach of duty of fair representation).  As a result, Roadway's motion

to dismiss Union's third-party complaint is **GRANTED**.[1]

    **IT IS SO ORDERED**.

    Dated this 30th day of May, 2006.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[1]*In light of this disposition, Roadway's motion to stay scheduling order [Doc. #59] is* ***DENIED*** *as moot.*