**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| SCHELLY R. BURKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. CIV-05-0865-HE |
| | ) | |
| INTERNATIONAL BROTHERHOOD | ) | |
| OF TEAMSTERS, LOCAL #866, et al., | ) | |
| | ) | |
| Defendants, | ) | |

**ORDER**

Former third-party defendant Roadway Express, Inc. ("Roadway") moves for an award of attorney's fees and costs associated with its successful dismissal of the third-party complaint filed by defendant International Brotherhood of Teamsters, Local #866 (the "Union"). In particular, Roadway alleges it is entitled to its fees and costs as a prevailing party under Title VII of the Civil Rights Act of 1964 ("Title VII")[1] or as a sanction under Fed. R. Civ. P. 11 or 28 U.S.C. § 1927 for the Union's unreasonable and vexatious multiplication of the proceedings.[2] The court concludes Roadway's motion should be denied.

---

[1]*Plaintiff alleges in her complaint that the Union discriminated and retaliated against her when she complained of sexual harassment by a fellow employee and Union member. She brings claims against the Union for gender discrimination and retaliation under Title VII and breach of the duty of fair representation under the Labor Relations Act of 1947, 29 U.S.C. § 158 et seq. She also brings a claim for assault and battery against the person who allegedly harassed her, defendant Robert Granstrom. She did not sue her employer, Roadway.*

[2]*In its third-party complaint, the Union denied its liability to plaintiff but sought contribution or indemnity from Roadway as plaintiff's employer. The court concluded dismissal was necessary as no right to contribution or indemnity is recognized under Title VII (see, e.g., <u>Northwest Airlines, Inc. v. Transport Workers Union of Am.</u>, 451 U.S. 77, 94-98 (1981) (no implied statutory or common law right of contribution under Title VII); <u>Anderson v. Local Union No. 3, Int'l</u>*

(continued...)

First, Title VII makes no provision for the recovery of a third-party's attorney's fees and costs. See Howard v. Ward County, 418 F.Supp. 494, 507 (D.N.D. 1976) (third-party complaint in a Title VII suit not "an action or proceeding under Title VII calling for the award of attorney's fees to the prevailing party") (internal quotations omitted). See also Bonner v. Alderson, 2005 WL 2333829, at *3 (D. Idaho Sept. 22, 2005) (unpubl.) ("third-party complaint against a nondefendant is a different action for which no [Title VII] authority lies"). Second, while the authority relied upon by the Union to support its assertion of liability on the part of Roadway is not directly pertinent to the facts and circumstances of this case,[3] the Union's asserted reliance on such authority was not so unreasonable as to warrant sanctions. See, e.g., Dreiling v. Peugeot Motors of Am., Inc., 768 F.2d 1159, 1165 (10th Cir. 1985) (award under § 1927 should be made "only in instances evidencing a serious and standard disregard for the orderly process of justice"). See also Hutchinson v. Pfeil, 208 F.3d 1180, 1183 (10th Cir. 2000) ("[I]n keeping with its ultimate goal of deterrence, rather

---

[2](...continued)
*Brotherhood of Elec. Workers, 751 F.2d 546, 548 (2d Cir. 1984) (extending rationale of Northwest Airlines to indemnification under Title VII)) and generally there is no joint and several liability for breach of the duty of fair representation (see, e.g., Aguinaga v. United Food and Commercial Workers Intern. Union, 993 F.2d 1463, 1474 (10th Cir.1993) (generally no joint and several liability for breach of duty of fair representation)). Order of May 30, 2006.*

[3]*As noted by the court in its order denying the Union's motion to join Roadway as a necessary and indispensable party, plaintiff's claims are "aimed squarely" at the Union for its alleged unlawful treatment of her as a Union member. Order of January 19, 2006. However, it is not uncommon for an employee to raise claims against both her employer and the Union for their mutual conduct. See, e.g., Aguinaga, 993 F.2d at 1474 ("The general rule that damages are to be apportioned between the employer and the union may not apply in situations where a union affirmatively caused the employer to commit the contract breach, or where the union and the employer actively participated in the other's breach.").*

than compensation, Rule 11 de-emphasizes monetary sanctions and discourages direct payouts to the opposing party.") (internal quotations omitted). As a result, Roadway's motion for sanctions [Doc. #64] is **DENIED**.

    **IT IS SO ORDERED**.

Dated this 5th day of September, 2006.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE